IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JORGE PONSA-RABELL, et al.,

Plaintiffs,

v.                                                                     CIVIL NO.  17-2243 (CCC)

SANTANDER SECURITIES, LLC., et al.,

Defendants.

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiffs, buyers of Puerto Rico Bonds during 2012-2013, bring this class action suit against Santander Securities, LLC, and its affiliates (collectively "Defendants") claiming that Defendants profited from a scheme that misled Plaintiffs and other class members into buying Puerto Rico Bonds. (Docket No. 45 at ¶¶ 1-3). Plaintiffs seek redress under Section 10(b) of the 1934 Securities Exchange Act, 15 U.S.C. § 78j, and Rule 10b-5, 17 C.F.R. § 240.10b–5(b).[1] Id. at 35. They also seek compensation under Art. 1054 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 3018. (Docket No. 45. at 39).

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint. (Docket No. 49). Such motion was referred to Magistrate Judge Bruce J. McGiverin for a Report and Recommendation. (Docket No. 68). Magistrate Judge Bruce McGiverin issued an elaborate and well reasoned Report and Recommendation concluding that Defendants' Motion to Dismiss should be granted. Id. at 20. Plaintiffs disagree with Judge McGiverin's findings and

---

[1] Plaintiffs' Third Amended Complaint also includes a claim under Section 17(a)(1)-(3) of the 1933 Securities Act, 15 U.S.C. §§ 77q(a)(1)-(3). (Docket No. 45 at 37). Plaintiffs, however, agree that such claim should be dismissed. (Docket No. 64 at 10).

**Case No. 17-2243 (CCC)**

pursuant to Local Rule 72(a), Plaintiffs timely objected. (Docket No. 69). Defendants opposed. (Docket No. 71).

The Court has reviewed Magistrate Judge McGiverin's Report and Recommendation at Docket No. 68 and **ADOPTS** the same in its entirety. The Court's reasoning follows.

### I.   Standard of Review

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B). Rule 59(b) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, or at some other time the court sets, a party may serve and file specific written objections to the proposed findings and recommendations." Upon a party's objection, the Court shall make a *de novo* review.

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(a)(b)(1). Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. See Hernandez–Mejias v. General Elec., 428 F. Supp. 2d 4, 6 (D.P.R. 2005).

"Absent objection, . . . [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." Templeman, 770 F.2d at 247. Additionally, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." Davet v. Maccarone, 973 F.2d 22, 30–31 (1st Cir. 1992).

**Case No. 17-2243 (CCC)**

## II. Discussion

Upon *de novo* review, the Court has reviewed Judge McGiverin's Report and Recommendation, as well as Plaintiffs' objections thereto. The undersigned is in full accord with Judge McGiverin's *ratio decidendi* and recommendations regarding the pending matters. Judge McGiverin correctly concludes that Plaintiffs' Complaint lacks factual pleading; thus, it should be dismissed.

First, the Court agrees with Judge McGiverin finding that Plaintiffs fail to establish personal jurisdiction over co-defendant Banco Santander S.A. (Docket No. 68 at 9). As Judge McGiverin discusses, Plaintiffs' Complaint relies on conclusory allegations, merely alleging that Banco Santander S.A. acted in concert with the other co-defendants. Id. at 9. It is important to note that Plaintiffs do not challenge Judge McGiverin's dismissal of this claim.

Second, the Court agrees with Judge McGiverin's recommendation as to the dismissal of Plaintiffs' Section 10(b) and Rule 10b-5 securities claims. Id. at 19. Plaintiffs' Complaint lacks the requisite detailed factual allegations regarding their claim that Defendants encouraged Plaintiffs into purchasing Puerto Rico Bonds. Without such information, the Court cannot determine if Defendants' statements actually mislead Plaintiffs into buying Puerto Rico Bonds. "[T]he complaint provides no details whatsoever regarding the contents of those communications other than to allege that the statements, whatever they were, failed to include certain details." (Docket No. 68 at 13).

Moreover, the Court also agrees with Judge McGiverin's finding that, even if Plaintiffs' Complaint showed that Defendants mislead Plaintiffs into purchasing Puerto Rico Bonds, Plaintiffs' Complaint fails to allege scienter under the heightened pleading standards of the Private Security Litigation Reform Act, 15 U.S.C § 78u-4, and FED. R. CIV. P. 9(b). (Docket No.

**Case No. 17-2243 (CCC)**

68 at 13). As Judge McGiverin explains, Plaintiffs' Complaint rests on conclusory allegations to plead scienter. "Without facts showing that defendants knew plaintiffs were conservative or even moderate-risk investors, the court cannot conclude that defendants knowingly or even recklessly engaged in any deception via the alleged omissions." Id. at 17.

Lastly, the Court adopts Judge McGiverin's recommendation to dismiss Plaintiffs' claim under Art. 1054 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 3018. The Court, however, takes no position on the merits of Plaintiffs' supplemental claim. Such claim has a different pleading standard than those of a claim under Section 10(b) and Rule 10b-5. Therefore, Plaintiffs should pursue their Puerto Rico law claims in local Court.

### III. Conclusion

The Court **ADOPTS** Judge McGiverin's Report and Recommendation in its entirety. As such, Defendants' Motion to Dismiss is **GRANTED**. Thus, Plaintiffs' federal claims against Defendants are **DISMISSED with prejudice,** except for Plaintiffs state claim, which is **DISMISSED without prejudice**. The Court, however, notes that Plaintiffs' legal action has not been frivolous, as Plaintiffs have shown good-faith in stating their securities claim under Section 10(b) and Rule 10b-5.

**SO ORDERED.**

In San Juan, Puerto Rico this 23rd day of July 2020.

*s/Gustavo A. Gelpí*
GUSTAVO A. GELPI
Chief United States District Judge